[No. 24253. Department One. February 20, 1933.]

THOMAS KOLANO, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*J. Peter P. Healy,* for appellant.

*The Attorney General* and *Harry Ellsworth Foster,* for respondent.

PARKER, J.—This is an appeal to this court from a judgment of the superior court for Pierce county, which judgment affirmed a decision and order of the department of labor and industries suspending the workmen's compensation claim of appellant, Kolano, until he reports to the Aberdeen General Hospital for treatment; that hospital being the one with which his employer has at all times in question had a contract, executed and approved in pursuance of the medical aid provisions of our workmen's compensation law, for the treatment of its injured employes, of which he was one when injured.

[1]Reported in 19 P. (2d) 113.

Appellant was injured at the plant of his employer in Aberdeen while engaged in extrahazardous employment. He was then a resident of Aberdeen. He made claim therefor to the department, and was awarded a settlement for time loss for a period of 108 days following the date of his injury. Thereafter, on several occasions he made further claims, which were considered by the department, resulting in further awards to him.

For sometime following his injury, appellant was given medical and hospital treatment at the Aberdeen General Hospital, which was under contract with his employer as above noticed. On October 7, 1931, appellant was by the department again sent to the Aberdeen General Hospital for treatment. He remained there until November 22, 1931, when he left the hospital of his own accord and refused to return for further treatment. On November 24, 1931, the department suspended further consideration of appellant's claim and suspended further payments thereon because of his refusal to return to the hospital for further treatment. Thereafter, he made application to the department for further hearing, making allegations seeking to justify his leaving the hospital and his refusal to return for further treatment. The department duly considered his application, receiving evidence touching his allegations made therein, and rendered its final decision adhering to its suspension ruling.

Thereupon, appellant appealed from that decision of the department to the superior court for Pierce county, he having removed his residence from Aberdeen to Tacoma, in Pierce county, where, for convenience, the hearing was held before the department. Upon what appears to be a full transcript of the several proceedings and decisions of the department relating to appellant's claims and the evidence presented to the depart-

ment at its several hearings, together with additional evidence presented to the superior court, that court found as follows:

"That the plaintiff heretofore sustained an injury in the course of his extra-hazardous employment within the state of Washington and filed the claim therefor with the department of labor and industries, which claim was allowed and compensation paid on the account thereof; that at all times after the injury herein there was a valid medical aid contract existing between the employers of the plaintiff, Aberdeen Plywood Corporation, and the Aberdeen General Hospital Association by the terms of which the Aberdeen General Hospital Association is obliged to furnish without cost to either the plaintiff or defendant herein all medical, surgical, hospital care and attention reasonably necessary on account of the injury sustained.

"(2) That the Aberdeen General Hospital Association owns, operates and maintains a hospital in the city of Aberdeen, Grays Harbor county, state of Washington; that the plaintiff's injury was sustained in that county, at which time plaintiff was a resident of said county; that said hospital is a first-class, fully equipped institution to care for the ailments for which the plaintiff is now and at all times since the injury been suffering; that the said hospital association has in its employ a staff of fully licensed and competent physicians to treat the plaintiff of the ailment from which he is now suffering on account of said injury or any injury or disease; that said hospital association and the physicians employed by it are ready, able and willing to give, furnish and supply plaintiff all medical, surgical and hospital and nursing care or attention necessary on account of the injury sustained.

"That on or about the 22nd day of November, 1931, the plaintiff while a patient in the Aberdeen General Hospital Association aforesaid left the said institution as a patient and positively refuses and declines to return to it.

"That hospital, medical and nursing care and attention are necessary for the plaintiff's recovery from the disability from which he is now suffering; that the said

Aberdeen General Hospital Association has been at all times and now is ready, able and willing to furnish such care and attention; that thereafter the department of labor and industries suspended claimant's compensation until such times as he returned to said hospital association for hospitalization and treatment.''

The superior court manifestly affirmed the decision of the department suspending consideration of appellant's claim and further payments thereon upon the ground that his voluntary leaving of the hospital and refusing to return thereto for further treatment were without justification.

It is here first contended that the evidence presented to the department and the additional evidence presented to the superior court does not warrant such conclusion, but calls for the conclusion that he was justified in so leaving and refusing to return to the hospital because of his improper treatment while there. As to this contention, we deem it sufficient to say that our reading of the evidence convinces us that it fully justifies all the findings, above quoted, made by the trial court and the court's conclusion that appellant had no just cause for his voluntarily leaving the hospital and refusing to return for further treatment.

It is further contended in behalf of appellant that, in any event, his leaving the hospital and refusing to return for further treatment is, as a matter of law, not cause for suspension of his claim and payments thereon; and further that he is entitled to medical services of a physician of his own choice and hospital services in Tacoma, his present home, at the expense of the medical aid fund chargeable by the department against the Aberdeen General Hospital, which is under contract with his employer.

The following provisions of our workmen's compen-

sation law, we think, are all the law that needs be here noticed. We refer to sections of Remington's Revised Statutes. In § 7688, we read:

". . . if any injured workman shall . . . or shall refuse to submit to such medical or surgical treatment as is reasonably essential to his recovery, the commission may reduce or suspend the compensation of such workman." (The word "commission," as here used, manifestly also means "department." See § 7698.)

In § 7714, we read:

"Upon the occurrence, after June 30, 1923, of any injury to a workman entitled to compensation under the provisions of said sections 7673 to 7796, he shall receive in addition to such compensation, and out of the medical aid fund, proper and necessary medical and surgical services, at the hands of a physician of his own choice if conveniently located, and proper and necessary hospital care and services during the period of his disability from such injury, . . . The director of labor and industries shall have power to enact rules prescribing whether and under what conditions an injured workman who has been receiving treatment under medical aid contract at a place other than his place of permanent abode and who shall be or have become ambulatory or who being discharged shall require further treatment may be transferred to the care of a surgeon at his place of residence, and providing for the compensation of such surgeon at the expense of the doctor, hospital or hospital association holding such contract."

Appellant relies particularly upon these quoted provisions of § 7714.

Section 7724 makes provision for employers entering into contracts with conveniently located hospital associations for care and treatment of their injured workmen, subject to approval of the department. Thereby, the employer so contracting becomes relieved from paying to the department into the medical aid fund all

but a small percentage of what the employer would be required to pay in the absence of such contract. This affords treatment of the employer's injured employees in such hospital association instead of elsewhere at the expense of the medical aid fund. That section reads in part as follows:

"So long as such contract shall be in effect the subject matter of the contract shall (except as in this section otherwise specified) be outside of, and not affected by, the provisions of sections 7712 to 7723, inclusive, . . ."

The exceptions noted in parenthesis and found in other language of that section are of no moment in our present inquiry.

It seems to us, in view of these statutory provisions and the established facts of this controversy, that we cannot hold that the department's decision and order suspending appellant's claim and payments thereon and the judgment of the superior court affirming that decision are other than well grounded and should not by us be disturbed.

The judgment of the superior court is affirmed.

BEALS, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.